# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### THIRD DIVISION

Joey Kean Ho Kwong,                                              Civil No. 06-1426 JRT/AJB

                 Petitioner,

v.                                                              **SUPPLEMENTAL REPORT AND**
                                                                **AMENDED RECOMMENDATION**

R.L. Morrison,

                 Respondent.

       This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1].  The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). Petitioner commenced this action seeking an order requiring the Bureau of Prisons to consider whether he should be transferred to halfway house for the final six months of his confinement.  The magistrate judge previously issued a report and recommendation, therein recommending that Joey Kean Ho Kwong's petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be granted and the Bureau of Prisons be required to timely conduct an individualized review of petitioner's CCC eligibility.  The magistrate judge now submits this supplemental report to address changes in circumstances that have arisen since the initial report and recommendation was issued and to amend the recommendation accordingly.

       Mr. Kwong is an inmate at the Federal Prison Camp in Duluth, Minnesota, and is serving a 12 month sentence imposed by United States District Court Judge Shabaz on a conviction in the Western District of Wisconsin.  His projected release date, with good time, is February 15, 2007,

and at the time of filing the petition his eligibility date for halfway house placement was determined to be

January 11, 2007, an allowance of 35 days.  Subsequent to issuance of the report and recommendation

on May 16, 2006, respondent filed a motion to dismiss the action as moot [Docket No. 8] therein

advising the court that the BOP had in fact conducted a re-evaluation of Mr. Kwong's halfway house

eligibility and had determined that the prisoner was entitled to 85 days halfway house plaintiff rather

than the initially determined 35-day eligibility.  In essence, the action is moot because the petitioner

received the re-evaluation which he had requested.[1]

Based upon the file and records in this matter, **IT IS HEREBY RECOMMENDED**

that respondent's Motion to Dismiss Habeas Petition Pursuant to 28 U.S.C. § 2241 as Moot be

**granted** [Docket No. 8] and Joey Kean Ho Kwong's Petition for Writ of Habeas Corpus pursuant to

28 U.S.C. § 2241 be **dismissed** with prejudice on mootness grounds.


Dated:   <u>December 4, 2006</u>

<u>  s/ Arthur J. Boylan                              </u>
Arthur J. Boylan
United States Magistrate Judge


Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and
Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections
which specifically identify the portions of the Report to which objections are made and the bases for
each objection. Written objections shall be filed with the Clerk of Court and served upon opposing
parties before December 15, 2006.  This Report and Recommendation does not constitute an order or

---

[1]  Respondent has further advised the Court that a detainer was lodged against the prisoner by
the Bureau of Immigration and Customs Enforcement prior to his anticipated halfway house placement
on November 21, 2006, and that as a result of the detainer Mr. Kwong is no longer entitled to halfway
house placement.  Nonetheless, the petitioner obtained the relief he requested and this action is
therefore moot.

judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.